L. L. North *v.* Irvin Turnpike Road.

**Pleading—Corporate Existence—Uncertainty.**

Where paragraphs of answer which attempt to deny the existence of a corporation are uncertain whether the defendant intends to allege that there never was such a corporation or to allege that the corporation had ceased to exist, it is insufficient for uncertainty.

**Pleading—Answer—Insufficiency.**

A paragraph of answer to a complaint of a corporation, which fails to allege the facts from which it appears that the charter granted by the county court was void, is insufficient.

**Subscriptions—Plea of Non Est Factum.**

In an action on a subscription contract to a turnpike company, an answer of non est factum was held to be defective for failure to show the facts upon which the alleged corporation differed from the agreement or subscription, and how defendant was prejudiced thereby.

**Corporations—Stock Subscriber—Waiver.**

> Where a subscriber to stock in a turnpike company took part
> in the organization of the company, and paid the first claim or
> assessment on his subscription, he thereby waived all technical ob-
> jection to antecedent proceedings.

### APPEAL FROM OWEN CIRCUIT COURT.

#### January 13, 1873.

OPINION BY JUDGE PETERS:

Appellant, by subscribing his name either by himself or agent, to
the paper filed, and designated as the subscription, with the amount
opposite his name that he would pay, undertook to pay said sum
of money to aid in building a turnpike road from the particular
point designated in said writing to another designated point. At
the time there was no incorporated company to build the road,
but the subscribers, as they state in the writing, had expected to
get a charter from the next Legislature, and the road when char-
tered was to be called the Big Irvin & Brocke Road.

A company was incorporated by the county court of Owen County
under Chap. 103 of the R. S., pp. 440-9, 2 Vol., by the name and
style of the "Irvin Turnpike Road," and by that name the com-
pany was organized under the charter granted by the county court
aforesaid, elected a president and directors, located its road over
the lands, and from and to the points designated in the subscrip-
tion, let the building of it to the lowest bidders. Calls were made on
the subscribers for the stock subscribed by each upon proper and
legal notice, and it is alleged and not denied that appellant paid
the first call of his subscription. This action was brought for the
second call on his subscription, for which a verdict and judgment
were rendered against him, and he had appealed.

After a demurrer to the petition had been overruled the appel-
lant filed an answer containing five paragraphs, alleging in the first
that at the commencement of this action there was not, nor was
there when the answer was filed, any such corporation as the Irvin
Turnpike Road; nor the president, directors and company of the
Irvin Turnpike Road named as plaintiffs. That the Irvin Turnpike
Road named as plaintiff in this action has never been incorporated
according to law, and the pretended charter said to have been

granted by the Owen County Court is null and void, and the said court had no authority to grant the same.

The third paragraph is a plea of *non est factum.* In this paragraph appellant merely denies that the charter granted by the Owen County Court is in accordance with the terms of the subscription. And in the last paragraph he says he never subscribed any stock to the Irvin Turnpike Road, and never authorized any one to subscribe the same for him.

The first and second paragraphs of the answer are attempts to deny the existence of the plaintiff as a corporation, but from the first it is uncertain whether the pleader intended to allege that there never was such a corporation as the one set forth in the petition or whether he intended to allege that the corporation had ceased to exist. It was therefore insufficient for uncertainty. It fails to allege that there never was such corporation as the plaintiff, and if its existence had terminated the facts which produced that termination should have been alleged.

The second paragraph was insufficient because it failed to state the facts from which it would appear that the charter granted by the Owen County Court was void. The whole paragraph is a mere deduction from facts which may exist, but which the pleader failed to state so as to enable the court to determine whether they authorized his deductions.

The third paragraph is a plea of *non est factum,* forming an issue which was tried by the jury, and their verdict is fully sustained by the evidence. The validity of the charter did not depend upon the question whether it accorded with some one agreement or an agreement or subscription. That paragraph, as must be apparent, was defective because it failed to state facts showing how it differed from the agreement, or subscription, and how appellant was prejudiced thereby.

As to the fifth paragraph, it is sufficient to say that it is alleged in the petition that appellant paid the first call on his subscription, thereby fully recognizing his subscription of stock to appellee, which allegation he does not deny, and instruction No. 3, as asked by appellant, was properly refused, and the other two instructions asked by appellant presented mere abstract propositions not raised by the

pleadings, and were properly refused, and no objection ·is perceived to the instruction given by the court.

The judgment must be *affirmed*.

*Drane, for appellant.*

*Craddock, for appellee.*

---

### RESPONSE TO PETITION FOR REHEARING.

April 25, 1873.

OPINION BY JUDGE PETERS:

The paper upon which the subscription for the stock to build the road was made; without giving its name to the company, recites that the subscriptions are made to build a turnpike road from Mrs. Gip Simpson's, by T. J. Brown's, thence by John Vallandingham's to Thomas Blackburn's on Big Irvin; the money subscribed to be paid to the order of the president and directors of said road when elected; the road to be called the "Big Irvin, and branch road to New Liberty." The width and manner of grading and completing the road are provided for in the paper which is made a part of the petition, and it is further provided how the officers are to be elected when $400 are subscribed, who are to hold their offices for one year from their election and until their successors shall be elected under a charter which we (the subscribers of stock) expect to get from the next Kentucky Legislature.

From this language it is perfectly evident that the payment of the subscriptions did not depend upon the procurement of a charter from the Legislature, nor upon the particular name that might be given to the corporation or association.

The object of the subscribers of stock was to construct a turnpike road between the designated points, to be located on the particular route described. Whether the company was to be incorporated by an act of the Legislature or under the general law by the county court, and by what name it was to be called, formed no part .of the consideration for making the subscription, and the same could not be conditions precedent to the payment of the money.

The order of incorporation directs that the turnpike road shall be located and constructed as provided for in said paper, and that paper shows that more than $400 of stock was subscribed. And in the amended petition it is expressly alleged that after a charter had been granted by the Owen County Court, to-wit: on the 16th of October, 1869, the stockholders in said road, pursuant to said charter, after having ten days' notice thereof, published in the Owenton News, met together, and elected a president, etc., and appellant does not in his answer deny that he met with them and participated in the election. Appellant was a stockholder, and the language of the petition is broad enough and does include him, and having taken part in the election, he thereby waived all technical objections to the antecedent proceeding.

We may have taken the word "recovered" in the amended petition as "received," but even if the last word had been used there were other and stronger reasons for affirming the judgment.

The petition must be *overruled*.

*Drane, appellant.*

*Craddock, appellee.*